IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE: MARY STEWART,                      CASE NO. 1:08-bk-71338
    Debtor                                                          (CHAPTER 7)

RENEE S. WILLIAMS, TRUSTEE                      PLAINTIFF

VS.                      AP NO. 1:08-ap-07153

JPMORGAN CHASE BANK, N.A.                        DEFENDANT

## AMENDED MEMORANDUM OPINION

On April 4, 2008, Mary Stewart (Debtor) filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. On September 11, 2008, the Trustee (Plaintiff) filed an adversary proceeding against JPMorgan Chase Bank, N.A. (Defendant) to avoid the mortgage lien and for turnover. The Defendant filed a response and a pre-trial brief. A hearing was held on August 25, 2009, after which the matter was taken under advisement. The Plaintiff and Defendant each filed post-trial briefs. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) & (K). The following shall constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

FACTS

On February 17, 2006, the Debtor borrowed $105,661.00 from the Defendant and executed and delivered a promissory note payable to the Defendant. On the same day, the Debtor

granted a mortgage lien to the Defendant to secure the note. The first page of the mortgage is attached as Exhibit A. It states that the borrower is "Mary Stewart, A Single Woman." An acknowledgment followed the mortgage's signature page. The acknowledgment did not contain the Debtor's name. Rather, there is simply a blank space. The pronoun "he" is also inserted in the acknowledgment. A copy of the acknowledgment is attached as Exhibit B. The mortgage was recorded in the office of Ouachita County Circuit Clerk on February 23, 2006.

II.

ARGUMENT

The Plaintiff argues that pursuant to Arkansas Code Annotated §§ 16-47-106 & 16-47-101, the acknowledgment is defective on its face and, therefore, the mortgage lien is unperfected and should be avoided pursuant to the Trustee's avoiding powers granted by 11 U.S.C. § 544(a) and § 550(a) of the Bankruptcy Code. The Plaintiff also asks for reasonable attorney fees pursuant to Arkansas Code Annotated § 16-22-308.

The Defendant argues that the lien is properly perfected because the acknowledgment is in substantial compliance with Arkansas law. In the alternative, the Defendant argues that Arkansas Code Annotated § 18-28-208 validates any defects and/or that the Defendant has an equitable lien on the property and is entitled to reformation of the mortgage.

III.

PERFECTION

Pursuant to 11 U.S.C. § 544(a) a trustee can avoid most pre-petition liens unless the liens were perfected under state law prior to the date the petition was filed. Shuster v. Doane (In re Shuster), 784 F.2d 883, 884 (8th Cir. 1986); Hawkins v. First Nat'l. Bank (In re Bearhouse), 99

B.R. 926, 927 (Bankr. W.D. Ark. 1989). In Arkansas, a mortgage lien is perfected by recording the mortgage in the office of the circuit clerk of the county where the land is located. Ark. Code Ann. §§ 18-40-101 & 18-40-102 (Michie 2003). In order for a mortgage to be recorded, the mortgage must contain an acknowledgment that complies with applicable state law. Ark. Code Ann. § 16-47-101 (Michie 2003); In re Bearhouse, 99 B.R. at 927. An instrument that is not properly acknowledged does not operate as constructive notice to third parties. Cumberland Building & Loan Ass'n. v. Sparks, 111 F. 647, 650 (8th Cir. 1901); In re Bearhouse, 99 B.R. at 927(citations omitted). "'An acknowledgment is a formal declaration or admission before an authorized public officer by a person who has executed an instrument that such instrument is his act and deed.'" In re Bearhouse, 99 B.R. at 927 (quoting Pardo v. Creamer, 228 Ark. 746, 751, 310 S.W.2d 218, 221 (1958)). A proper acknowledgment for a deed or instrument affecting real property is taken by the grantor appearing in person before the notary stating that he or she executed the deed or instrument. Ark. Code Ann.§16-47-106(a)(Michie 2003); Jones v. Owen, No. 08-1436, 2009 WL 3400685 (Ark., Oct. 22, 2009).

An acknowledgment need not literally adhere to the statutory requirements, rather it will be sufficient if it substantially complies with the Arkansas statutes. In re Bearhouse, 99 B.R. at 927 (citing Bank of Hampton v. Wright, 35 F.2d 321, 322 (8th Cir. 1929)). Courts will sustain a certificate of acknowledgment whenever it is possible to do so. 1 Am. Jur. 2d Acknowledgments § 31 (citing Carpenter v. Dexter, 75 U.S. 513, 19 L.Ed. 426 (1869); In re Atlantic Smokeless Coal Co., 103 F. Supp. 348 (S.D. W. Va. 152)). The certificate and the instrument that it relates to may be read together in order to determine whether the certificate complies with the statute in question. 1 Am. Jur. 2d Acknowledgments § 31.

In Bearhouse, this Court found an improperly acknowledged mortgage that is regular on its face will operate as constructive notice to third parties. In re Bearhouse, 99 B.R. at 927. The Eighth Circuit Bankruptcy Appellate Panel, citing to Bearhouse, stated that "[w]hen an instrument is defective and the defect is apparent, either by reference to the acknowledgment alone or to the instrument as a whole, the instrument does not provide constructive notice to third parties under Arkansas law." Willams v. Wells Fargo Financial Mississippi 2, Inc. (In re Rick's Auto Outlet of Monticello, LLC), 327 B.R. 650, 653 (B.A.P. 8th 2005). The Bankruptcy Appellate Panel found that the instrument in question did not provide constructive notice because the party signing only identified themselves as signing individually and not as members of their LLC. In re Rick's Auto Outlet of Monticello, LLC, 327 B.R. at 653. The court found, looking to the instrument as a whole, it was not clear that the signors were signing in their corporate capacity. See In re Rick's Auto Outlet of Monticello, LLC, 327 B.R. 650.

Some courts have found that an acknowledgment with a blank appearing where the name should be will not render the acknowledgment ineffective if the name could be easily ascertained from the document as a whole. Morton v. Resolution Trust Corp., 918 F.Supp. 985, 992 (S.D. Miss. 1995); Farm Bureau Finance Co., Inc. v. Carney, 100 Idaho 745, 750, 605 P.2d 509, 514 (1980)(citing O'Banion v. Morris Plan Indus. Bank, 201 Okla. 256, 204 P.2d 872 (1949); Gardner v. Inc. City of McAlester, 179 P.2d 894 (Okla. 1946); Coates v. Smith, 81 Or. 556, 160 P.517 (1916)). See also Estate of Dykes v. Estate of Willaims, 864 So.2d 926, 931-932 (Miss. 2003)(a defective acknowledgment will not be fatal when the information that was omitted can be filled in from the body of the deed.) On the other hand, in several cases in the Sixth Circuit, the omission of a name in an acknowledgment is a fatal flaw. See Biggs v. Ocwen Federal Bank,

377 F.3d 515 (6th Cir. 2004); Geygan v. World Savings Bank, FSB, 383 B.R. 391, 396 (B.A.P. 6th Cir. 2008)(citing Select Portfolio Servs., Inc. v. Burden (In re Trujillo), 378 B.R. 526 (B.A.P. 6th Cir. 2007); MG Invs., Inc. v. Johnson (In re Cocanougher), 378 B.R. 518 (B.A.P. 6th Cir.2007)).

In 1876, the Arkansas Supreme Court found that the omission of a grantor's name in the acknowledgment did not make the acknowledgment insufficient. Magness v. Arnold, 31 Ark. 103, *3 (1876). The justice certified that the party that appeared before him was the grantor and this was enough according to the court to identify the party who acknowledged the deed "as fully as if John P. Mckinney's [the grantor's] name had been inserted in the blank." Magness, 31 Ark. 103, *3.

The omission of a pronoun or the use of the wrong number or gender is generally not regarded as a fatal error when the meaning and intent are not obscured as a result. Farm Bureau Finance Co., Inc. v. Carney, 100 Idaho 745, 750, 605 P.2d 509, 514 (1980)(citing Am.Jur., Acknowledgments s 39(1962)).

Pursuant to Arkansas law, this Court finds that this acknowledgment did not provide constructive notice. The omission of the Debtor's name alone would not have been fatal since the Debtor's name is the only name that appears on the mortgage lien and one could look to the instrument as a whole and fill in the omitted information. However, the use of the pronoun "he" in the acknowledgment changes this result. The omission of the name plus the use of a different gender than the name appearing in the body of the mortgage leads to an ambiguity that requires extrinsic evidence. It is simply not clear, looking at the instrument as a whole, who is acknowledged. The instrument is defective by reference to the document as a whole and it does

not provide constructive notice.

IV.

CURATIVE STATUTE

Arkansas Code Annotated § 18-12-208 provides:

All deeds, conveyances, deeds of trust, mortgages, marriage contracts, and other instruments in writing affecting or purporting to affect the title to any real estate or personal property situated in this state, which have been recorded and which are defective or ineffectual because . . . [t]he officer who certified the acknowledgment or acknowledgments to such instruments omitted any words required by law to be in the certificate or acknowledgments . . . shall be as binding and effectual as though the certificate of acknowledgment or proof of execution was in due form, bore the proper seal, and was certified to by a duly authorized officer.

A curative act does not apply to a transaction that takes place after the passage of the act. Merchants & Planters Bank & Trust Co. of Arkadelphia v. Massey, 302 Ark. 421, 426, 790 S.W.2d 889, 892 (1990). The purpose of a validating statute is to cure past errors and omissions and to validate what was previously invalid. Merchants & Planters Bank, 302 Ark. at 426, 790 S.W.2d at 892.

This statute was passed in 1955 and the transaction in this case occurred in 2006. Arkansas Code Annotated § 18-12-208 will not operate to cure any defects in this deed.

V.

EQUITABLE LIEN

In Arkansas, reformation of instruments is an equitable remedy that is appropriate when the instrument evidencing the agreement does not reflect the terms of the agreement due to mutual mistake of the party. Rice v. First Arkansas Valley Bank (In re May), 310 B.R. 405, 420 (Bankr. E.D. Ark. 2004)(citing Statler v. Painter, 84 Ark. App. 114, 133 S.W.3d 425, 428

(2003)). However, reformation will not operate to prejudice a subsequent bona fide purchaser. In re May, 310 B.R. 405, 420 (Bankr. E.D. Ark. 2004)(citations omitted). 11 U.S.C. § 544(a)(3) gives the trustee the same rights and priorities in real property that a subsequent bona fide purchaser would have over an unperfected lien. In re Bearhouse, Inc., 99 B.R. at 927. The Plaintiff's right as a bona fide purchaser would be prejudiced by the imposition of an equitable lien. Accordingly, the Defendant is not entitled to reformation of the contract.

VI.

CONCLUSION

The acknowledgment is not in substantial compliance with the Arkansas Code and the lien is not properly perfected, the curative act does not apply to this transaction, and an equitable lien is not appropriate. Therefore, the Plaintiff is allowed to avoid the mortgage lien. The Plaintiff has asked for attorney fees pursuant to Arkansas Code Annotated § 16-22-308.[1] It appears the Plaintiff is entitled to these fees and should submit a separate application for reasonable attorney fees.

---

[1] Arkansas Code Annotated § 16-22-308 provides that "[i]n any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."

IT IS SO ORDERED.

Dated:   12/21/2009

EOD 12/21/2009
by R Johnson

_____
HON. JAMES G. MIXON
U. S. BANKRUPTCY JUDGE

DATE:_____

cc:    Renee S. Williams, Trustee
       Thomas S. Streetman, Esq.
       Robert Bynum Gibson, Esq.
       Tony A. DiCarlo, Esq.

Exhibit A

RECORD AND RETURN TO:
JPMORGAN CHASE BANK, N.A.
1500 N. 19TH STREET, 6TH FLOOR
MONROE, LOUISIANA 71201
ATTN: DOC CONTROL

M-2006-322

FILED
2006 FEB 23 AM 9:11
Betty Welson
OUACHITA COUNTY, ARK
BETTY LEMONS
CIRCUIT CLERK

INSTRUMENT PREPARED BY
JPMORGAN CHASE BANK, N.A.
1400 EAST NEWPORT CENTER DRIVE
DEERFIELD BEACH, FLORIDA 33442

1-800-526-0071

———————————————— [Space Above This Line For Recording Data] ————————————————

1082629650

03-052-272581300

## MORTGAGE

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated FEBRUARY 17, 2006 together with all Riders to this document.
(B) "Borrower" is
MARY STEWART, A SINGLE WOMAN

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is
JPMORGAN CHASE BANK, N.A.

ARKANSAS—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
AR51 · 04/01
(Page 1)
Form 3004 1/01



EXHIBIT

BOOK M169 PAGE 490

Exhibit B

---------- [Space Below This Line For Acknowledgment] ---------- 1082629650

**STATE OF** Arkansas                      **COUNTY OF**   Ouachita

On this the   17th   day of   February  , 2006   , before me, , the undersigned officer, personally appeared

known to me (or satisfactory proven) to be the person whose name   subscribed to the within instrument and acknowledged that   he   executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

*Sherry L Mann*   11-22-15
Title of Officer

Person authorized to release the lien:

Lienholder information:   Robin Thomas, Lien Release
CHASE MANHATTAN MORTGAGE CORPORATION
1400 EAST NEWPORT CENTER DRIVE
DEERFIELD BEACH, FLORIDA 33442
PHONE #: (954)698-1121

Fannie Mae/Freddie Mac UNIFORM INSTRUMENT 1/01
AR56: 10/01                                Page 16

[Notary Seal: SHERRY L. MANN, NOTARY PUBLIC, DALLAS CO., ARKANSAS, MY COMM. EXP. NOV. 22, 2015]

10